UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN L. BRUBAKER,

          Petitioner,

v.

STATE OF WASHINGTON,

          Respondent.

Case No. C20-024-JCC-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Justin Brubaker is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. (*See* Dkt. # 3 at 1.) He seeks to challenge in this action a 2017 judgment of the Whatcom County Superior Court. (*See id.*) The petition has not been served on Respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

## II. DISCUSSION

Petitioner identifies four grounds for federal habeas relief in his petition. (*See id.* at 5, 7, 8, 10.) Petitioner makes clear in his petition that he has not presented any of his federal habeas

REPORT AND RECOMMENDATION
PAGE - 1

claims to the state courts for review, either on direct appeal or post-conviction review, apparently because he believes the State of Washington lacks jurisdictional authority to decide the constitutional issues raised in the petition. (*See id*. at 5-12.) However, the governing statute makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it is clear from the face of the petition that Petitioner has not properly exhausted his claims for relief in the state courts, his Petition is not eligible for federal habeas review.

### III.    CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed without prejudice for failure to exhaust state court remedies. A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A

PAGE - 2

petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 7, 2020**.

DATED this 13th day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3